IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISON

CASE NO.: 5: 11-CV-00167-BR

| | |
|---|---|
| **Rumualdo Lainez and Marvin Maldonado,** | ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| **Francisco Baltazar, Sr., Francisco Baltazar, Jr., Across the Lake Farming Company, Inc., Douglas Tart, Ann Tart, and Michael Tart,** | ) ) ) ) |
| Defendants. | ) ) |

------------------------------------------------------------

**ANSWER OF THE DEFENDANT, ANN TART**

------------------------------------------------------------

### I. PRELIMINARY STATEMENT

1- 4.    This is a preliminary statement and not allegations; therefore no response is required.

### II. JURISDICTION and VENUE

5.    It is admitted that this Court has jurisdiction of this matter pursuant to: 28 U.S.C. §1331 (Federal Question); 28 U.S.C. §1337 (Interstate Commerce); 18 U.S.C. §1595(a) (TVPA); 29 U.S.C. §216(b) (FLSA); 29 U.S.C. §1854(a) (AWPA); and 28 U.S.C. §1367 (Supplemental Jurisdiction).  It is admitted that the court is empowered to make a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.  It is admitted that venue is proper in this district pursuant to 28 U.S.C. §1391(b).

1

## III. PARTIES

6. It is admitted that Plaintiff Rumaldo Lainez (hereinafter Plaintiff Laniez) and Marvin Rivas Maldonado (hereinafter Plaintiff Maldonado) are migrant agricultural workers as defined by Title 29 United States Code (U.S.C.) §1802(8) and that Plaintiffs were engaged in the production of goods for interstate commerce within the meaning of Title 29, U.S.C. §203 (b). The remaining allegations of this paragraph are denied.

7. Paragraph Seven (7) of the Complaint is admitted on information and belief.

8. Paragraph Eight (8) of the Complaint is admitted on information and belief.

9. Paragraph Nine (9) of the Complaint is denied.

10. It is denied that at all times the Defendant, Ann Tart., acted as an employer or in the interests of an employer towards Plaintiffs within the meaning of the Fair Labor Standards Act (hereinafter FLSA), Title 29, U.S.C. § 203(g) and the North Carolina Wage and Hour Act (hereinafter NCWHA), North Carolina General Statutes §95025.2(5). The remaining allegations of paragraph 10 of Plaintiff's Complaint are admitted.

11. Paragraph Eleven (11) of the Complaint is admitted.

12. It is admitted that the Defendant, Ann Tart, employed migrant and seasonal farm workers to perform agricultural work including the harvesting of tobacco and sweet potatoes.

13. It is denied that the Defendant, Douglas Tart, acted at all times as an employer or in the interest of an employer towards Plaintiffs within the meaning of the

Fair Labor Standards Act, Title 29, U.S.C. § 203(9) and the North Carolina Wage Hour Act, North Carolina General Statute §95-25.2(5). The remaining allegations of Paragraph Thirteen (13) of the Complaint are admitted.

14. It is denied that at all times that the Defendant, Ann Tart, acted as an employer or in the interests of an employer towards Plaintiffs within the meaning of the Fair Labor Standards Act, Title 29 U.S.C. §203(g) and the North Carolina Wage and Hour Act, N.C. General Statute §92-25.2(5). The remaining allegations of Paragraph Fourteen (14) of the Complaint are admitted.

15. Paragraph Fifteen (15) of the Complaint is admitted.

16. Paragraph Sixteen (16) of the Complaint is admitted.

17. Paragraph Seventeen (17) of the Complaint is admitted.

18. Paragraph Eighteen (18) of the Complaint is denied as alleged.

19. Paragraph Nineteen (19) of the Complaint is admitted.

### IV. STATUTORY BACKGROUND FOR TRAFFICKING IN PERSONS AND FORCED LABOR CLAIMS

20. The statement contained in Paragraph Twenty (20) of the Complaint does not apply to Defendant, Ann Tart, and therefore no response is necessary.

21. The statement contained Paragraph Twenty-One (21) of the Complaint does not apply to Defendant, Ann Tart, and therefore no response is necessary.

22. The statement contained Paragraph Twenty-Two (22) of the Complaint does not apply to Defendant, Ann Tart, and therefore no response is necessary.

## V.  STATEMENT OF FACTS

### A.  Junior Baltazar Recruited Workers in Florida Using Fraudulent Promises Regarding the Terms of Their Employment in North Carolina.

23. Paragraph Twenty-Three (23) is denied as alleged.

24. Paragraph Twenty-Four (24) is denied as alleged.

25. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Twenty-Five (25) of the Complaint, therefore the allegations are denied.

26. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Twenty-Six (26) of the Complaint, therefore the allegations are denied.

27. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Twenty-Seven (27) of the Complaint, therefore the allegations are denied.

28. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Twenty-Eight (28) of the Complaint, therefore the allegations are denied.

29. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Twenty-Nine (29) of the Complaint, therefore the allegations are denied.

30. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Thirty (30) of the Complaint, therefore the allegations are denied.

31. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Thirty-One (31) of the Complaint, therefore the allegations are denied.

32. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Thirty-Two (32) of the Complaint, therefore the allegations are denied.

33. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Thirty-Three (33) of the Complaint, therefore the allegations are denied.

**B.  The Baltazar Defendants Instituted a System of Debt Bondage Upon Arrival in the State of North Carolina.**

34. Defendant, Ann Tart, does not have any knowledge as the travel of the Baltazar caravan as alleged in the first sentence of Paragraph Thirty-Four (34) of the Complaint, therefore the allegations are denied. The remaining allegations of Paragraph Thirty-Four (34) of the Complaint are admitted.

35. Defendant, Ann Tart, does not have sufficient information at this time to form as opinion as to the allegations contained in Paragraph Thirty-Five (35) of the Complaint, therefore the allegations are denied.

36. Defendant, Ann Tart, does not have sufficient information at this time to form as opinion as to the allegations contained in Paragraph Thirty-Six (36) of the Complaint, therefore the allegations are denied.

37. Defendant, Ann Tart, does not have sufficient information at this time to form as opinion as to the allegations contained in Paragraph Thirty-Seven (37) of the Complaint, therefore the allegations are denied.

38. Defendant, Ann Tart, does not have sufficient information at this time to form as opinion as to the allegations contained in Paragraph Thirty-Eight (38) of the Complaint, therefore the allegations are denied.

39. Defendant, Ann Tart, does not have sufficient information at this time to form as opinion as to the allegations contained in Paragraph Thirty-Nine (39) of the Complaint, therefore the allegations are denied.

40. Defendant, Ann Tart, does not have sufficient information at this time to form as opinion as to the allegations contained in Paragraph Forty (40) of the Complaint, therefore the allegations are denied.

**C. The Baltazars Made Threats and Used Weapons to Keep Plaintiffs in Debt Bondage.**

41. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty-One (41) of the Complaint, therefore the allegations are denied.

42. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty-Two (42) of the Complaint, therefore the allegations are denied.

43. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty-Three (43) of the Complaint, therefore the allegations are denied.

44. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty-Four (44) of the Complaint, therefore the allegations are denied.

45. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty-Five (45) of the Complaint, therefore the allegations are denied.

46. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty-Six (46) of the Complaint, therefore the allegations are denied.

47. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty-Seven (47) of the Complaint, therefore the allegations are denied.

**D.  Defendant Francisco Baltazar Thwarted Lainez's Attempt to Escape.**

48. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as the allegations contained in Paragraph Forty-Eight (48) of the Complaint, therefore the allegations are denied.

**E.  Plaintiffs Escape from the Baltazars and the Tart Labor Camp**

49. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Forty Nine (49) of the Complaint, therefore the allegations are denied.

50. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Fifty (50) of the Complaint, therefore the allegations are denied.

51. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Fifty-One (51) of the Complaint, therefore the allegations are denied.

52. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Fifty-Two (52) of the Complaint, therefore the allegations are denied.

53. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Fifty-Three (53) of the Complaint, therefore the allegations are denied.

### F. **Defendants Violated Plaintiff's Rights Under Basic Labor Laws.**

54. The work that Defendant, Ann Tart, provided to the Plaintiffs consisted of setting tobacco plants on land owned, leased or otherwise farmed by Defendant, Douglas Tart. The remaining allegations of Paragraph Fifty-Four (54) are denied.

55. It is denied that Ann Tart, at all times jointly employed the Plaintiffs and that Defendant, Ann Tart, approved the Plaintiff's housing. It is denied that the Baltazars were economically dependent upon Defendant, Ann Tart. The remaining allegations of Paragraph Fifty-Five (55) are denied as alleged.

56. Paragraph Fifty-Six (56) of the Complaint is admitted upon information and belief.

57. Defendant, Ann Tart, denies the allegations set forth in Paragraph Fifty-Seven (57) of the Complaint.

58. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Fifty-Two (52) of the Complaint, therefore the allegations are denied.

59. The allegations of Paragraph Fifty-Nine (59) of the Complaint are admitted upon information and belief.

60. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Sixty (60) of the Complaint, therefore the allegations are denied.

61. Defendant, Ann Tart, does not have sufficient information at this time to form an opinion as to the allegations contained in Paragraph Sixty- One (61) of the Complaint, therefore the allegations are denied.

62. Defendant, Ann Tart, maintained the payroll records for each Plaintiff for each pay period. The remaining allegations of Paragraph Sixty-Two (62) of the Complaint are denied.

63. Defendant, Ann Tart, denies the allegations as alleged in Paragraph Sixty-Three of the Complaint.

64. Defendant, Ann Tart, denies the allegations as alleged in Paragraph Sixty-Four (64) of the Complaint.

65. Defendant, Ann Tart, denies the allegations as alleged in Paragraph Sixty-Five (65) of the Complaint.

66. Defendant, Ann Tart, denies the allegations as alleged in Paragraph Sixty-Six (66) of the Complaint.

67. Defendant, Ann Tart., denies the allegations as alleged in Paragraph Sixty-Seven (67) of the Complaint.

68. Defendant, Ann Tart, denies the allegations as alleged in Paragraph Sixty-Eight (68) of the Complaint.

69. Defendant, Ann Tart, denies the allegations as alleged in Paragraph Sixty-Nine (69) of the Complaint.

70. Defendant, Ann Tart, denies the allegations as alleged in Paragraph Seventy (70) of the Complaint.

71. It is denied that Defendants, Across the Lake Farming Company, Inc., Ann Tart, or Douglas Tart operated the labor camps set forth in Paragraph Seventy-One (71) of the Complaint. The remaining allegations of Paragraph Seventy-One (71) of the Complaint are admitted.

72. Paragraph Seventy-Two of the Complaint is admitted.

**WHEREFORE**, having answered the Complaint of the Plaintiffs, the Defendant, Ann Tart, prays the Court as follows:

1. That each and every claim for relief of the Plaintiff's be denied;

2. That the Plaintiffs recover nothing form the Defendant, Ann Tart;

3. That the Defendant, Ann Tart, be awarded all costs and reasonable attorney fees;

4. That the Court grant such other relief as this Court deems is just and proper.

Respectfully submitted this the 17th day of June, 2011.

/s/ Terry F. Rose
Terry F. Rose
Attorney for Defendant, Ann Tart
P.O. Box 2847
Smithfield, North Carolina 27577
Telephone No.: 919-938-1616
Telefax No.: 919-938-1617
NC State Bar No. 19243
Email: tfroselaw@aim.com

/s/George R. Murphy  
George R. Murphy  
Attorney for Defendant, Ann Tart  
P.O. Box 235  
Benson, North Carolina 27504  
Telephone No.: 919-894-4431  
Telefax No.: 919-894-1139  
NC State Bar No.: 5763  
Email: georgermurphy@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the forgoing **Answer** by filing the same electronically with the United States District Court for the Eastern District of North Carolina expecting the same to be transmitted electronically to the following parties:

Ms. Catlin Ryland
Legal Aid of North Carolina
Farmworker Unit
P.O. Box 26626
Raleigh, North Carolina 27611

Ms. Lori Johnson
Legal Aid of North Carolina
P.O. Box 26626
Raleigh, North Carolina 27611

This is also to certify that I have this day placed a copy of the forgoing **Answer** in the United States Post Office in a proper wrapper with the proper postage addressed as follows:

Ms. Catlin Ryland
Legal Aid of North Carolina
Farmworker Unit
P.O. Box 26626
Raleigh, North Carolina 27611

Ms. Lori Johnson
Legal Aid of North Carolina
P.O. Box 26626
Raleigh, North Carolina 27611

This the 17th day of June, 2011.

/s/ Terry F. Rose
Terry F. Rose
P.O. Box 2847
Smithfield, North Carolina 27577
Telephone:   919-938-1616
Telefax:       919-938-1617
NC State Bar No.:  19243

12
Case 5:11-cv-00167-BR   Document 7   Filed 06/17/11   Page 12 of 12