EXHIBIT 13

# SETTLEMENT AGREEMENT AND RELEASE

THIS AGREEMENT is made and entered into as of the 13th day of February of year 2012, by and between Rumualdo Lainez and Marvin Rivas Maldonado (collectively "Complainants") and Ann Tart, Douglas Tart, and Across the Lake Farming, Inc. (collectively "Defendants"). Complainants are represented by Caitlin Ryland of Legal Aid of North Carolina. Defendants are represented by George Murphy and Terry Rose.

This Settlement Agreement and Release ("Agreement") is in settlement of all claims and disputes between the parties related to Complainants' employment with Defendants. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties each hereby agree as follows:

1. <u>Settlement Payment.</u> Defendants have agreed to pay Complainants the sum of Ten Thousand Dollars ($10,000.00) for all alleged damages. The parties agree that these monies are to compensate the Complainants for alleged damages under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), the Fair Labor Standards Act ("FLSA"), and the North Carolina Wage and Hour Act ("NCWHA").

    a. <u>Non-wage allocation.</u> The parties agree that Nine Thousand Thirty Five Dollars ($9,035.00) shall be allocated to statutory damages under the AWPA and liquidated damages under the FLSA. The money will be divided among the Complainants equally. The parties agree that Three Hundred Sixty Five Dollars ($365.00) of the total Settlement Amount shall be allocated to costs incurred by Legal Aid of North Carolina in filing this case in United States District Court and service of the complaint.

        i. As of February 1, 2012, Defendants have paid Complainants Five Thousand Dollars ($5,000) of this Ten Thousand Dollars ($10,000.00) Settlement Payment.

        ii. Defendants shall send a certified check made payable to "Legal Aid of North Carolina's Client Trust Account," with "Lainez et al" noted on the memo line, in care of Caitlin Ryland, Legal Aid of North Carolina Farmworker Unit, P.O. Box 26626, Raleigh, NC 27611 for Four Thousand Four Hundred Dollars ($4,400.00) **no later than March 15, 2012.**

        iii. For the amount allocated to non-wage damages, Defendants furnish each Complainant with an IRS Form 1099-MISC for 2011 and for 2012. The 2011 forms shall reflect Defendants' payment to each Complainant in the amount of Two Thousand Three Hundred Seventeen Dollars and Fifty Cents ($2317.50) in 2011. These 1099-MISC forms shall be sent to Complainants in care of Caitlin Ryland, Legal Aid of North Carolina Farmworker Unit, P.O. Box 26626, Raleigh, NC 27611 **no later than January 31, 2012.** The 2012 forms shall reflect Defendants payment to each Complainant in the amount of Two Thousand Two Hundred Dollars ($2200.00) in 2012. These

1099-MISC forms shall be sent to Complainants in care of Caitlin Ryland, Legal Aid of North Carolina Farmworker Unit, P.O. Box 26626, Raleigh, NC 27611 **no later than January 31, 2013**.

   iv. For the amount allocated to filing costs and service of process, equal to Three Hundred and Sixty Five Dollars ($365.00), Defendants shall furnish Legal Aid of NC with an IRS Form 1099-MISC for 2011. This 1099-MISC form shall be sent to Legal Aid of NC in care of Caitlin Ryland, Legal Aid of North Carolina Farmworker Unit, P.O. Box 26626, Raleigh, NC 27611 **no later than January 31, 2012.**

b. Wage Allocation. The parties agree that Six Hundred Dollars ($600.00) of the total Settlement Amount shall be allocated to unpaid wages under the FLSA and the NCWHA. The money will be divided among the Complainants equally. As such, the agreed-upon amount allocated to unpaid wages owed to Rumualdo Lainez is Three Hundred Dollars ($300.00) and the agreed-upon amount allocated to unpaid wages owed to Marvin Rivas Maldonado is Three Hundred Dollars ($300.00).

   i. Defendants shall send a certified check made payable to each Complainant in the amount of Three Hundred Dollars ($300.00) minus applicable withholdings, in care of Caitlin Ryland, Legal Aid of North Carolina Farmworker Unit, P.O. Box 26626, Raleigh, NC 27611 **no later than March 15, 2012.**

   ii. For the amount allocated to the Complainants' unpaid wages, Defendants will withhold and pay applicable taxes and will furnish each Complainant with an IRS Form W-2 for 2012 showing the applicable taxes and withholdings. Withholdings shall be calculated on miscellaneous pay period of Three Hundred Sixty Five (365) days. These W-2's shall be sent to Complainants in care of Caitlin Ryland, Legal Aid of North Carolina Farmworker Unit, P.O. Box 26626, Raleigh, NC 27611 **no later than January 31, 2013.**

c. The parties stipulate and agree that the amount of the settlement and the allocation of the settlement amount between wage and non-wage claims are the result of good faith, arms-length negotiations between the parties and are reasonable based on disputed facts.

2. Recordkeeping. In consideration for Complainants' agreement not to file any action against them, Defendants agree to make, keep and preserve payroll records in accordance with the AWPA (29 U.S.C. §§1821 (d) and 1831 (c); 29 C.F.R. §§500.80(a) and (b)) and FLSA (29 U.S.C. §211(c); 29 C.F.R. §516.2(a)) for all migrant or seasonal farmworkers who are employed by them within the meaning of the AWPA and/or FLSA.

3. Payroll Policy. In consideration for Complainants' agreement not to file any action against them, Ann Tart, Douglas Tart, Across the Lake Farming, Inc., and any and all successor corporations, companies, or entities operating or otherwise in control of the Douglas and Ann Tart farming operation agree henceforth to pay directly any migrant or seasonal

2

farmworkers who are employed by them within the meaning of the AWPA, FLSA, and/or NCWHA and not to pay such workers through an intermediary such as a farm labor contractor. Ann Tart, Douglas Tart, and/or Across the Lake Farming, Inc. and any and all successor corporations, companies, or entities operating or otherwise in control of the Douglas and Ann Tart farming operation will strictly supervise the payment of wages, will assist employees in cashing their payroll checks, and will not permit farm labor contractors, or other intermediary, directly or indirectly, to be involved in or present at the payment of wages.

4. Failure to Comply. Any failure of Defendants to fully comply with the terms and conditions of paragraphs one (1), two (2), or three (3) of this Agreement shall constitute a default under this Agreement. In the event of default, Plaintiffs will seek payment of Five Thousand Dollars ($5,000.00), with interest from March 15, 2012, by filing the Joint Motion for Entry of Consent Judgment attached as Attachment A.

5. Release. In consideration of the mutual releases of the parties and the other agreements and promises set forth in the Agreement, the Complainants agree to each execute the written Release attached as Attachment B. The Release shall be signed upon each Complainant receiving his share of the settlement proceeds and IRS forms described in paragraph one (1).

6. No Admission/Waiver. The parties understand and agree that Defendants admit no liability or wrongdoing with respect to any matter.

7. Controlling Law. This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina. The parties agree that this Agreement was last executed in North Carolina and any and all claims arising from or related to this Agreement or its breach shall be brought, if at all, in the courts of North Carolina.

8. Severability. The provisions of this Release are severable, and if any part of it is found to be unenforceable, the other paragraphs and provisions shall remain fully valid and enforceable.

9. Burden and Benefit. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their heirs, successors and permitted assigns.

_____
Caitlin A. Ryland
Legal Aid of North Carolina
Farmworker Unit
Attorney for Rumualdo Lainez
and Marvin Rivas Maldonado

03/19/12
_____
Date

_____
George Murphy
Attorney for Ann Tart,
Douglas Tart, and Across the
Lake Farming, Inc.

2/13/12
_____
Date

_____
Terry Rose
Attorney for Ann Tart,
Douglas Tart, and Across the
Lake Farming, Inc.

2/13/12
_____
Date

_____
Ann Tart

2·13·12
_____
Date

_____
Ann Tart, as Resident Agent
of Across the Lake Farming,
Inc.

2·13·12
_____
Date

_____
Douglas Tart

2-13-12
_____
Date

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:11-cv-00167-BR

| | |
|---|---|
| Rumualdo Lainez and Marvin Rivas Maldonado, <br><br> Plaintiffs, <br><br> v. <br><br> Francisco Baltazar, Sr., Francisco Baltazar, Jr., Across the Lake Farming Company, Inc., Douglas Tart, Ann Tart, and Michael Tart, <br><br> Defendants. | JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT <br><br> (Attachment A) |

Plaintiffs Rumualdo Lainez and Marvin Rivas Maldonado ("Plaintiffs") and Defendants Ann Tart, Douglas Tart, and Across the Lake Farming, Inc. ("Tart Defendants"), by and through their counsel, hereby jointly move this Court for entry of a consent judgment in favor of Plaintiffs and against Tart Defendants. As to reasons why this motion should be allowed:

1. On 2/13/20/2, the parties entered into a Settlement Agreement in this matter. Tart Defendants have failed to comply with the terms of that agreement.

2. Tart Defendants have not complied with their obligation under paragraph one (1) of the Settlement Agreement to pay to the Plaintiffs the sum of Five Thousand Dollars ($5,000.00).

3. Pursuant to paragraph four (4) of the Settlement Agreement, Plaintiffs and Tart Defendants accordingly file this Motion on account of the default.

5

Plaintiffs and Tart Defendants respectfully request that this Court grant this Motion and enter judgment in favor of Plaintiffs in the sum of Five Thousand Dollars ($5,000.00), with interest from March 15, 2012.

_____
Caitlin A. Ryland
Legal Aid of North Carolina
Farmworker Unit
Attorney for Rumualdo Lainez
and Marvin Rivas Maldonado

03/19/12
Date

_____
George Murphy
Attorney for Ann Tart,
Douglas Tart, and Across the
Lake Farming, Inc.

2/13/12
Date

_____
Terry Rose
Attorney for Ann Tart,
Douglas Tart, and Across the
Lake Farming, Inc.

2/13/12
Date

_____
Ann Tart

2-13-12
Date

_____
Ann Tart, as Resident Agent
of Across the Lake Farming,
Inc.

2-13-12
Date

_____
Douglas Tart

2-13-12
Date

6

**ATTACHMENT B**

**RELEASE**

1. I, _____, sign and execute the following release for the purpose of fully and finally settling all my claims in the above-entitled action.

2. In return for my portion of the settlement of Ten Thousand Dollars ($10,000.00) paid by Ann Tart, Douglas Tart, and Across the Lake Farming, Inc., I hereby fully and finally release, acquit, discharge, and forever hold blameless Ann Tart, Douglas Tart, and Across the Lake Farming, Inc, their heirs, administrators, and executors, from any and all liability, claims known or unknown, disputed or undisputed, lawsuits, demands, expenses, damages, costs, attorney's fees, actions or causes of action, arising out of my employment in North Carolina in 2009.

3. I declare that:
    a. I have been given at least twenty-one (21) days in which to consider this Release;
    b. I acknowledge that I have been informed of my right to consult with an attorney before executing this Release and that I have had the opportunity to consult with an attorney;
    c. I understand that I have seven (7) days following my signing of this Agreement to revoke this Release;
    d. I have been informed that if I wish to revoke or cancel this Agreement I should write Ann Tart, Douglas Tart, and Across the Lake Farming, Inc. about my decision to cancel the Agreement at the end of the seven (7) day period;
    e. I understand that I am specifically releasing, among other claims, any claims under the Age Discrimination in Employment Act of 1967 and all amendments thereto; and
    f. I understand that I am not waiving any rights or claims that may arise after the date that this Agreement is signed by all parties.

4. I have read this Release and I fully understand it to be a compromise settlement and release of all claims. I affirm and guarantee that I am legally competent to sign this Release, which I have done so of my own free will.

SIGNED AND EXECUTED in accordance with the provision of the Settlement Agreement.

Dated:_____    _____

Certificate of Translation

I certify that I am fluent in both English and Spanish and that I orally translated this personal statement from English to Spanish for _____ and that he understood and signed this statement voluntarily.

_____    _____
Print Name                Signature