UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CV-00167-BR

| | |
|---|---|
| RUMUALDO LAINEZ, ) | |
| MARVIN RIVAS MALDONADO, ) | |
| ) | |
| Plaintiffs, ) | ORDER |
| ) | |
| v. ) | |
| FRANCISCO BALTAZAR, SR., ) | |
| FRANCISCO BALTAZAR, JR., ) | |
| ACROSS THE LAKE FARMING COMPANY, ) | |
| INC., ) | |
| DOUGLAS TART, ) | |
| ANN TART, ) | |
| MICHAEL TART, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiffs and defendants Across the Lake Farming Company, Inc., Douglas Tart, and Ann Tart's (the "Tart Farm Defendants") joint motion for approval of settlement.

In April 2011, plaintiffs initiated this action asserting claims for back wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and under North Carolina's Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.22. Plaintiffs also brought claims alleging violations of the Migrant and Seasonal Agricultural Protection Act, 29 U.S.C. §§ 1801 *et seq.*, and the Trafficking Victims Protection Act, 18 U.S.C. §§ 1581 *et seq.* The Tart Farm Defendants filed answers to the complaint. Plaintiffs obtained service on defendant Michael Tart in June 2011, (see DE # 23), however, they have not proceeded to obtain the entry of default against him as the Clerk directed, (see DE # 24). They have obtained substituted service of process on defendant Francisco Baltazar, Jr. through the Secretary of the

U.S. Department of Labor ("DOL").  (See DE # 35.)  Despite obtaining an extension of time, there is no evidence that plaintiffs have obtained service of process on defendant Francisco Baltazar, Sr.  (See 9/1/11 Text Order.)

In the absence of DOL supervision, the court is obligated to review settlement of a claim asserted under the FLSA.  See Taylor v. Progress Energy, Inc., 415 F.3d 364, 374 (4th Cir. 2005) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee.  Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court." (citations omitted)), reh'g granted, vacated, op. reinstated, 493 F.3d 454 (4th Cir. 2007); Lynn's Food Stores, Inc., 679 F.2d 1350, 1353, 1355 (11th Cir. 1982) (holding compromises of FLSA back wage or liquidated damages claims are allowed only under DOL supervision or district court entry of a stipulated judgment after the court has scrutinized the settlement for fairness and reasonableness).  Having considered the extent of discovery; the stage of the proceedings; "the absence of fraud or collusion in the settlement;" the experience of plaintiffs' counsel; and "the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery," the court finds that the settlement is fair and reasonable.  Poulin v. General Dynamics Shared Res., Inc., No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010).  The motion to approve the settlement agreement is ALLOWED.

Turning to the defendants who are not party to the settlement agreement, plaintiffs are DIRECTED to show cause within 10 days of the date of this order why their claims as to defendants Michael Tart and Francisco Baltazar, Sr. should not be dismissed without prejudice.  Within the same time period, plaintiffs are DIRECTED to proceed in accordance with Rule 55 of

the Federal Rules of Civil Procedure to reduce this matter to judgment against defendant Francisco Baltazar, Jr. Plaintiffs are warned that if they fail to timely respond in accordance with this order, their claims against defendants Michael Tart, Francisco Baltazar, Sr., and Francisco Baltazar, Jr. will be dismissed without prejudice.

This 30 April 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge