UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CV-00167-BR

| | |
|---|---|
| RUMUALDO LAINEZ, ) | |
| MARVIN RIVAS MALDONADO, ) | |
| ) | |
| Plaintiffs, ) | ORDER |
| ) | |
| v. ) | |
| FRANCISCO BALTAZAR, SR., ) | |
| FRANCISCO BALTAZAR, JR., ) | |
| ACROSS THE LAKE FARMING COMPANY, ) | |
| INC., ) | |
| DOUGLAS TART, ) | |
| ANN TART, ) | |
| MICHAEL TART, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiffs' motions for default judgment against the remaining defendant, Francisco Baltazar, Jr., and for attorneys' fees and costs. (DE ## 52, 53.)

Plaintiffs allege in their complaint that defendant, as their employer and a farm labor contractor, failed to pay them at the minimum wage rate and failed to pay them at the promised wage rate in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6, respectively. Plaintiffs also bring a claim alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*[1] Plaintiffs seek unpaid wages, liquidated and statutory damages, attorneys' fees, and costs.

---

[1]They also allege that defendant violated the Trafficking Victims Protection Act, 18 U.S.C. §§ 1581 *et seq.* ("TVPA"). However, they do not seek separate damages for such violation. (See Mem., DE # 52-2, at 34 ("[S]ince TVPA damages are duplicated by damages sought under the FLSA and NCWHA, Plaintiffs seek to recoup their underlying TVPA damages through FLSA and NCWHA.").)

The Clerk entered default against defendant on 8 June 2012.  Defendant's failure to answer the allegations contained in the complaint constitutes default, as well as admission of plaintiffs' "well-pleaded allegations of fact."  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).  However, "a default is not treated as an absolute confession by the defendant of his liability and the plaintiff's right to recover."  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  Though a defendant may not challenge the sufficiency of the evidence presented to the court, he is "entitled to contest the sufficiency of the complaint and its allegations to support the judgment."  Id.; see also Weft, Inc. v. G.C. Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986).  This court must determine whether the allegations of fact in the complaint are sufficient to state a claim for relief.  Weft, 630 F. Supp. at 1141.  For the reasons stated in plaintiffs' thorough memorandum filed in support of their motion for default judgment, the court concludes that plaintiffs are entitled to judgment on all their claims against defendant.

As for damages on those claims, the court finds that an evidentiary hearing is not warranted as plaintiffs have submitted sufficient affidavits and supporting documents to enable the court to calculate damages.  See Frame v. S-H, Inc., 967 F.2d 194, 204 (5th Cir. 1992) ("If the damages can be computed with certainty by reference to the pleadings and supporting documents alone, an evidentiary hearing may not be necessary.").  For the FLSA and NCWHA violations, the court awards plaintiffs the amounts shown on Exhibit 27 to plaintiffs' memorandum, constituting both actual and liquidated damages.  (DE # 52-11.)  For the AWPA violations, plaintiffs seek statutory damages in the maximum amount, $500, per violation per plaintiff.  (Mem., DE # 52-2, at 30.)  See also 29 U.S.C. 1854(c)(1) ("If the court finds that the respondent

has intentionally violated any provision of this chapter or any regulation under this chapter, it may award . . . statutory damages of up to $500 per plaintiff per violation, or other equitable relief, except that (A) multiple infractions of a single provision of this chapter or of regulations under this chapter shall constitute only one violation for purposes of determining the amount of statutory damages due a plaintiff . . . ."). In determining the amount to award as statutory damages for the AWPA violations, the court has considered

> (1) the amount allowed to each plaintiff for each violation, (2) the total amount of the award, (3) the nature and persistence of the violations, (4) the extent of the defendants' culpability, (5) damage awards in similar cases, (6) the defendants' ability to prevent future violations of the Act, (7) the substantive or technical nature of the violations, (8) the circumstances of the case, (9) the total number of plaintiffs involved, (10) the total number of violations, and (11) the plaintiffs' recovery on closely related claims in the same suit that will in part compensate the damages caused by violations of the Act.

Wales v. Jack M. Berry, Inc., 192 F. Supp. 2d 1291, 1309 (M.D. Fla. 2000) (citing Beliz v. W.H. McLeod & Sons Packing Co., 765 F.2d 1317, 1333 (5th Cir. 1985)). The court finds that it is appropriate to award the maximum amount to each plaintiff given the circumstances of the case; that defendant committed multiple, non-technical violations of the AWPA, including misleading plaintiffs about the terms and conditions of their employment, failing to provide them with sanitary living and working conditions; denying them access to kitchen facilities; and failing to pay them their wages when due; and that an award "should be sufficient to encourage workers to assert their statutory rights;" "should take into account the purpose of the AWPA because of the background of fear and threats of retaliation which Congress determined to exist in the farm labor system;" and "send a message about future compliance with the law," Hardy v. Ross, No. 9:89-2379-3, 1990 WL 54615, at *3 (D.S.C. Feb. 23, 1990). Defendant committed eight

3

violations of separate provisions of the AWPA, see Elizondo v. Podgorniak, 100 F. Supp. 2d 459, 462 (E.D. Mich. 2000) (recognizing that violations of separate provisions of one statutory section of the AWPA are treated as separate violations), and therefore, each plaintiff will be awarded $4,000 in statutory damages.

Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1595(a), 28 U.S.C. § 1920, 29 U.S.C. § 216(b), and N.C. Gen. Stat. § 95-25.22.[2] In determining the reasonable hourly rate and setting the amount awarded, the court has considered the factors in Brodziak v. Runyon, 145 F.3d 194, 196-97 (4th Cir. 1998), and relied on the affidavits of plaintiffs' counsel as well as of two attorneys in the community, (DE ## 53-4, 53-5, 53-6).

For the foregoing reasons, plaintiffs' motions for default judgment and for attorneys' fees and costs are ALLOWED. It is hereby ORDERED, ADJUDGED, and DECREED that:

1. Plaintiff Rumualdo Lainez have and recover of defendant Francisco Baltazar, Jr. the amount of $4,683.00, with interest accruing thereon at the legal rate of 0.13% per annum from the date of entry of this judgment until paid pursuant to 28 U.S.C. § 1961;

2. Plaintiff Marvin Rivas Maldonado have and recover of defendant Francisco Baltazar, Jr. the amount of $4,515.00, with interest accruing thereon at the legal rate of 0.13% per annum from the date of entry of this judgment until paid

---

[2]The court notes Legal Aid of North Carolina, Inc., whose staff attorney represents plaintiffs and is a recipient of funds from Legal Services Corporation is, as of 2010, no longer precluded from retaining attorneys' fees awarded pursuant to a fee-shifting statute. See Saldivar v. Rodela, 894 F. Supp. 2d 916, 931 n.20 (W.D. Tex. 2012) (discussing history of legal aid entities' ability to claim, collect, and retain attorneys' fees). Furthermore, an award of attorneys' fees is not precluded simply because plaintiffs are represented by a legal aid attorney who did not charge plaintiffs. See Brinn v. Tidewater Transp. Dist. Comm'n, 242 F.3d 227, 234–35 (4th Cir. 2001) ("[C]ourts have consistently held that entities providing pro bono representation may receive attorney's fees where appropriate, even though they did not expect payment from the client and, in some cases, received public funding.").

pursuant to 28 U.S.C. § 1961;

3. Legal Aid of North Carolina, Inc. have and recover of defendant Francisco Baltazar, Jr. the amount of $8,471.75 for attorneys' fees and costs;[3] and,

4. Defendant Francisco Baltazar, Jr. shall file the required documentation regarding plaintiffs' labor during 2009 with the Social Security Administration.[4]

The Clerk is DIRECTED to close this case.

This 27 June 2013.

W. Earl Britt
Senior U.S. District Judge

---

[3] See Saldivar, 894 F. Supp. 2d at 947 n.71 (citing cases for appropriateness of directing payment of attorneys' fees and costs directly to the legal aid entity which represented the successful plaintiff). Plaintiffs do not seek post-judgment interest on any attorneys' fees and costs awarded. (See Mot. for Def. J., DE # 52, at 2.)

[4] This form of injunctive relief is appropriate. See Bautista v. Zuniga, No. 4:11-CV-84-F, 2012 WL 1149300, at *4 (E.D.N.C. Apr. 5, 2012).

5